Our final case of the day is Schmitz v. O'Malley. May it please the Court. Mr. Tarlock. May it please the Court. Good morning. My name is Robert Tarlock on behalf of Appellant Amra E. Schmitz. This case is about a straightforward procedural error where at Step 5 the government failed to elicit information from a vocational expert. It is not about the failure of a party litigant to develop an issue. It is about the fact that the ALJ did not ask where these numbers come from. So as a result, we have statistics. So what do you do about BSTEC, in which all nine justices took it as a given that if the claimant did not ask the vocational expert about the data, there was no possible problem? I don't think BSTEC is directly applicable to this case because in BSTEC there was an underlying source of data for the statistics, the vocational expert's local labor market surveys. That's right. That's why there was a dissent in BSTEC saying, well, this is unlike the case, which would be a summary loser, where there was no request for the data. Here we have a request for the data. That's what the dissenters said. The majority said that even with a request, there was no error. I can't figure out how you can, after BSTEC, say, well, the claimant just doesn't have to ask anything of the vocational expert. That's the ALJ's duty. BSTEC seems completely to the contrary on that issue. Well, I think in BSTEC, Justice Kagan, in a footnote and in the majority's decision, said that BSTEC did not ask the court to address the substantial evidence threshold. Rather, just to ask whether the court's view of the Seventh Circuit standard, when the underlying information is not available on demand or not produced when demanded, that that is enough to disqualify the evidence. I think that was what the dissent's position in BSTEC illustrated, was that there is no substantial evidence here. I don't get it. Your brief, actually, I find it telling, relies on Justice Sotomayor's dissent. When you rely on a dissent, that, of course, is a giveaway. But Justice Sotomayor was explicit. She said, of course, if BSTEC hadn't asked the ALJ, he would have no claim. But he did ask the ALJ, and now we go from there. You're saying that even the dissenters were not favorable enough to your client. It's hard to follow. I think that Justice Sotomayor, like Justice Kagan, did not say that the ALJ can waive the substantial evidence standard. And I believe Justice Sotomayor also pointed out that to effectively challenge something, you need to be able to have that something in the record. So, again, in BSTEC, there was an admission of an underlying data source in the record with which could potentially provide substantial evidence under a substantial evidence review. Here, there is absolutely nothing, which also triggers 004P, which asks the ALJ to identify any apparent conflict between information from a vocational expert and information contained in the DOT. And the DOT has no information regarding job availability. So here, unlike in BSTEC, we do have unhinged statistics. And when there are unhinged statistics, particularly at step five, where the burden is on the commissioner, there cannot be the plaintiff's burden to therefore develop the substantial evidence that's required under 405G to make a determination in an administrative action. But surely, the law is pretty clear that when no one questions a vocational expert's foundation or reasoning, the ALJ is entitled to accept her conclusion. I guess, Your Honor, under Leaskang, I would say the law is that an ALJ is not allowed to accept implausible or incoherent testimony. And here, at best, the review of the record shows that the statistics may have been linked to the DOT, which would be implausible. Otherwise, they're just hanging in midair. You are just disagreeing with the Supreme Court of the United States. You're disagreeing with decisions of this circuit. I just don't see how you get anywhere. The majority in BSTEC said, we begin with common ground, assuming no demand, a vocational expert's testimony may count as substantial evidence, even when accompanied by reporting data, period. That's what the justices are saying. You're saying the opposite. No, Your Honor. I think that the three-week-old Chavez 2 decision that just came out of this course illustrates my point. In BSTEC and in Chavez 2, there was actually some identified data in the source. And in Chavez 2, this court looked at what the standard was proposed by Judge Lee in the district court. And Judge Lee said, when the underlying source is identified in the testimony, and the vocational expert makes a straightforward attempt to explain the reliability of those job numbers, the standard is met. Here, there is no standard, like in BSTEC, which is why I don't think the BSTEC decision is applicable to this case, unless you were to look at the dissent's position on the actual issue of substantial evidence. You want to distinguish BSTEC and lease gain. What about fetting? I think the decision of our court would seem to go the other way. So again, in fetting, the court did say that substantial evidence cannot be waived. And in fetting, there was no challenge against the government failing to produce an actual source or method or any corroboration for these numbers. Here, there's an actual absence of any underlying conversion method, which this court said in Chavez 2 was a requirement of the substantial evidence standard. That there has to be a conversion from contemporary data to what experts refer to when they bring up DOT jobs. The DOT is 40 years old at this point. I'm assuming that the job expert in this case was not giving job numbers for 40 years ago, but was attempting to give current job numbers. But there's no way to tell that from the record. And it's not plain, it's not appellant's burden at step 5. Ms. Smith was represented. She was represented. Why did no one question the vocational expert then? Well, Your Honor, there was nothing to question. If a method had been put forward, like in Chavez 2, where the vocational expert had said, I use SkillTran, or in BSTEC, where the vocational expert had relied on local labor market surveys. But that in and of itself is a question. You, you know, counsel, you've given us, you know, expert, you've given us nothing to rely on. Where's the data set? Correct. And that's a question. There is no data set in this record to review. What I'm saying is that's a question that could have been asked of the vocational expert. Absolutely. Had that one question been asked. And if that burden were on the claimant, then that burden were on the claimant. But at step 5, it's not the claimant's burden to develop evidence. You're just asking us to disagree with the Supreme Court of the United States. That argument was made in BSTEC itself. And it didn't carry the day. I don't, I don't, Your Honor, I don't believe that argument was made in BSTEC. And I think that both the majority and the dissent made the point that the substantial evidence issue was not addressed. But I can see that my time is up, so I'd like to reserve the remainder for rebuttal. Certainly, Mr. Charlock. Wow. Ms. Godfrey. May it please the court, counsel. Jean Godfrey on behalf of the Commissioner of Social Security. This court's longstanding precedent is clear. A claimant forfeits any challenges to a vocational expert's job number estimates that are not raised at the administrative hearing or in a post-hearing brief. As Judge Rogner pointed out, when no one questions the vocational expert's foundation or reasoning, the ALJ is entitled to accept the expert's job numbers. And that is precisely what happened here. Vocational expert Breanna Lott testified that Ms. Schmidt could work as a cafeteria attendant, a cleaner, and a folder. And that within these occupations, a total of 589,000 estimated jobs were available. Ms. Schmidt was represented by an attorney at the hearing, but her attorney did not ask the expert any questions about the occupations identified or the job number estimates. Counsel did not raise any objection at the hearing and did not file a post-hearing brief. So under this court's controlling precedent, her current argument that the expert's testimony was inadequate is forfeited. Ms. Schmidt does not explain why this court should overrule its own precedent. That's also not what BSTEC said. It didn't say an argument was forfeited. It just said that if a claimant does not ask the vocational expert for details, the vocational expert's unelaborated statement is substantial evidence. There's no forfeiture of the right to argue that there's a lack of substantial evidence. But what BSTEC says is it is substantial evidence. Correct. In the absence of questions that unearth the shortcomings in the testimony, what we have here on this record, there is sufficient evidence that the vocational expert's testimony was reliable. Forfeiture aside, her testimony does satisfy the substantial evidence standard because there were several markers of reliability. She was a highly qualified expert with a master's degree in rehabilitation counseling. She identified common occupations, cleaner and cafeteria attendant. There was nothing facially implausible or incoherent in her testimony. She answered all questions that were posed clearly and coherently, and there were no obstacles to a cross-examination by Ms. Schmidt's attorney. The ALJ did not cut the attorney off early. She simply chose not to ask any additional questions. Finally, the expert's testimony here was uncontradicted. Ms. Schmidt's did not present any contradictory vocational expert estimates to the ALJ or the appeals counsel. So this court's case law makes clear, and as does BSTEC, that the ALJ is not required to ask the vocational expert to identify the underlying data or reasoning. And here, there's nothing in the record to suggest that Ms. Lott, the vocational expert, relied on the Dictionary of Occupational Titles. That is pure conjecture by my opponent, and there's just simply nothing to support that argument. So for that reason, SSR 00-4P does not apply, because that pertains only to conflicts regarding the vocational expert's testimony and the information in the DOT pertaining to the performance of the occupations. Note that the DOT does not provide job number estimates, which is in fact why ALJs rely on vocational experts. So in conclusion, the ALJ was entitled to accept the estimates here, where the testimony was facially plausible, uncontradicted, there were no questions that unearthed any shortcomings, and counsel for the claimant raised no concerns regarding the testimony. This court has no additional questions. We ask that you affirm the ALJ's decision. Thank you, Ms. Godfrey. Anything further, Mr. Tarlock? Yes, just to briefly conclude, Your Honor, when you asked about vetting, in Chavez 2, this court cited vetting as saying that the result of the Step 5 estimation still has to be the product of a reliable methodology. And so the perfect example to look at is this court's acceptance of the equal distribution method. But that allows somebody to readily trace what the vocational expert did. And again, I would ask this court to look at Judge Lee's interpretation of the standard, which they looked at in Chavez 2. And Judge Lee, who decided the E&R case, which part of Schmitz's appeal is based on, saw the facts here and said where a fact finder cannot trace the path of reasoning from the analysis to the conclusion. There is no substantial evidence. In BSTEC, and in vetting, and in Hohman, and in Chavez 2, and every other case cited by the defendant, there is either a commercially identified source, the use of Bureau of Labor Statistics or Occupational Employment Statistics, or there are local labor market surveys. They were all part of the testimony. And Judge Kagan said in the oral argument, it has nothing to do with whether somebody demands the information. Because in an adversarial hearing, it could be provided just through testimony. It could be asked by the claimant. It could be asked by the ALJ. There's no specific rule who has to ask for it. But the specific rules laid out by the court precedents are that there has to be substantial evidence within the testimony. And other indicators of reliability, like the VE's experience or the commonality of the job, may be markers to therefore buttress the method's reliability, but they cannot supplant the absence of a method. And as this court said in Bracci, a big number alone is not substantial evidence. Thank you for your time. Thank you. The case is taken under advisement and the court will be in recess.